José Torres Vázquez, Plaintiff and Appellee, *v.* Industrial Commission of Puerto Rico, Etc., Defendants and Appellants.

No. 7728.  Argued November 8, 1938.—Decided January 20, 1939.

*B. Fernández García, Attorney General,* and *Pablo Defendini, Assistant Attorney General,* for appellants; *M. Rivera de la Vega,* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The District Court of San Juan issued a perentory writ of mandamus against Manuel León Parra, Francisco Paz Granela and Juan M. Herrero, who compose the Industrial Commission of Puerto Rico, and ordered said respondents in their character as members of the Commission, to issue a warrant to the Treasurer of Puerto Rico for the payment of the sum of $1,444, the balance of a compensation for $2,000 awarded to José Torres for physical disability.

The petitioner alleges in his complaint that in the month of October, 1929, while he was working for his employer J. D. Morales, he suffered an accident while working and that

by a decision of May 18, 1931, of the Industrial Commission he was awarded a compensation of $2,000, of which he has already received $556 and has yet to collect $1,444, the payment of which the respondents refuse to order notwithstanding the fact that there are sufficient and available funds.

The respondents answered that the warrants issued by the Commission in regard to a compensation for accident while at work are directed to the Auditor and not to the Treasurer, and that they do not have sufficient funds to make the claimed payment. As special defense they. alleged that on the 13th of October, 1937, they approved the following resolution, which was published in the newspapers:

"Attention is called to a warrant of the Hon. Auditor of Puerto Rico, dated October 4, 1937, carrying to the books of his office and putting at the disposition of the Industrial Commission the sum of $100,000 charged to the item in the amount of $800,000 approved lately by the Legislature of Puerto Rico for the payment of the debt of the amount due for workmen's compensation from September, 1925, to June 30, 1935. According to the provisions of Act No. 139 of 1937, the item of $800,000 shall be issued exclusively for the payment of compensations to injured workmen or their beneficiaries.

"Since at present there are debts due for payment of hospitalization. doctors' fees, boarding, administration expenses, etc., which are not included in Act No. 139 and which amount to $35,000 or $40,000, the Industrial Commission resolves that the Hon. Auditor of Puerto Rico be requested to carry to the books of his office and hold at the disposal of the Industrial Commission the item of $150,000 approved on May 15, 1936, and in which it is provided that $100,000 be set aside for the payment of compensations to injured workmen and their beneficiaries, and $50,000 for the payment of other debts of the fund. As this item was made payable from any balance in the Treasury not otherwise appropriated, and as the year 1936–37 terminated with a superavit of several millions of dollars, there is no reason why this sum shall not be placed at the disposal of the Industrial Commission, thereby obviating the fact that of the $800,000 no obligation of the Fund deposited for workmen's compensation can be paid unless they be compensations to injured workmen or their beneficiaries.

"It is also resolved by the Industrial Commission that the $100,000 that the Hon. Auditor of Puerto Rico has in his books be used for the payment of a sixth part of the debt pending with the injured workmen and their beneficiaries, and the Liquidation Bureau of the Industrial Commission should proceed to make said payments without it being necessary that a resolution be taken in each case.

"The Hon. Auditor of Puerto Rico and the Liquidation Bureau should be served with a copy of the foregoing resolution and it should be published in the newspapers so as to be brought to the attention of the public in general."

That according to the resolution above set forth the Commission distributed $100,000, put at their disposal by the Auditor, for paying a sixth part of the amount of each compensation awarded from the first of September, 1925, to the 30th of June, 1935, and that at present said sum of $100,000 has been totally distributed in the manner above set forth.

In the brief presented by the Commission to sustain its appeal it alleges four errors. The first states that the lower court did not sustain the demurrer of insufficient facts filed by the Commission. This is based on the fact that in the allegations as well as in the prayer of the complaint the appellee appears petitioning for a writ of mandamus against the appellants when according to Act No. 139 of May 15, 1937 (Laws of 1936–37, page 301), the Industrial Commission's only duty is to certify the payment and deliver the vouchers to the Auditor of Puerto Rico. It is true that the complaint is ambiguous in regard to who shall make the payment. In one allegation, the sixth, it says that the appellants " . . . are the persons called upon *to order the payment* . . . " and further on in the same allegation that " . . . . notwithstanding the several petitions made to said members, they refuse *to make the payment* of the remaining amount above referred to." In the prayer the same thing happens. In it a writ against the appellants is requested " . . . . so that without any delay *they proceed to deliver* the amount of $1,444 . . . ",

and further on it is requested that " ... if said members ... have any reason . . . not to comply with *the order to pay* ... *by issuing the corresponding order to the Treasurer of Puerto Rico* . . ." Nevertheless, the mistakes set forth are not in themselves of sufficient importance to justify a reversal of the judgment since from the object of the petition and from the prayer it appears that what the complainant prays for is an order from the Commission directed to the Treasurer so that he and not the former make the payment. The first error should be overruled.

The second alleged error reads as follows:

"The District Court of San Juan erred in deciding that Act No. 139 of May 15, 1937, does not invest the Industrial Commission of Puerto Rico with any authority to distribute the $100,000 placed at its disposal by the Auditor of Puerto Rico, in their discretion, according to the terms of the aforesaid act."

Act No. 139 of May 15, 1937 (Laws of 1936–37, page 301), to which the appellant Commission refers, in its applicable part states as follows:

"Section 1.—There is hereby appropriated from any funds in the Insular Treasury not otherwise appropriated, up to the amount of eight hundred thousand (800,000) dollars, or such part thereof as may be necessary, which sum shall be placed at the disposal of the Industrial Commission of Puerto Rico created by Act No. 45, of April 18, 1935, or its successor, for the payment of the indemnities owed to injured workmen or to beneficiaries or heirs in case of the death of the workmen, from September 1, 1925, to June 30, 1935; *Provided,* That this item of eight hundred thousand (800,000) dollars shall be set up on the books of the Auditor of Puerto Rico, partially or wholly, as may be necessary and as the resources of the Insular Treasury permit, as the Auditor of Puerto Rico may determine.

"Section 2.—After the appropriations have been made and have been set up on the books of the Auditor of Puerto Rico, partially or wholly, the Liquidation Bureau of the Industrial Commission shall certify the corresponding payments for the indemnities mentioned in Section 1 of this Act, and it shall issue the corresponding vouchers which shall be submitted, in accordance with law, to the Auditor of Puerto Rico for their full payment."

The question as to whether the law which we have just copied does not give the Industrial Commission specific authority so that the latter may distribute in its discretion, *pro rata*, all the claimants' partial amounts carried in the books of the Auditor is not really involved in this appeal. We are inclined, nevertheless, to agree with the lower court, without deciding it, that the duties imposed upon the Commission are purely ministerial. According to the provisions of section 2, supra, as soon as the Auditor has in his books any sum designated or that can be used "for the payment of the indemnities owed to injured workmen or beneficiaries or heirs in case of the death of the workmen, from September 1, 1925, to June 30, 1935," as prescribed by section 1, supra, it shall be the duty of the Commission to certify the payment of any of said claims and issue the vouchers which may be necessary to be given to the Auditor of Puerto Rico for their payment. See *Berríos* v. *District Court,* 42 P.R.R. 160, and *López de la Rosa* v. *Domenech,* 47 P.R.R. ——.

For the reasons we have just set forth, the third and fourth alleged errors should be overruled.

The Commission has not given any reason or legal excuse to justify their denial to certify the payment of a claim which has already been awarded and liquidated. And as this is a ministerial duty, the lower court did not err in issuing the writ prayed for.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.